# UNITED STATES DISTRICT COURT
## Eastern District of Michigan

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>v.<br><br>JERMAINE ARNETT | JUDGMENT IN A CRIMINAL CASE<br><br>Case Number: 0645 5:23CR20659 (2)<br>USM Number: 73963-509<br>**Daniel S. Dena**<br>Defendant's Attorney |

**THE DEFENDANT:**

| | | |
|---|---|---|
| ☒ | pleaded guilty to count(s) | 1, 5 and 12 of the Indictment |
| ☐ | pleaded nolo contendere to count(s) which was accepted by the court | |
| ☐ | was found guilty on count(s) after a plea of not guilty | |

The defendant is adjudicated guilty of these offenses:

| Title & Section / Nature of Offense | Offense Ended | Count |
|---|---|---|
| 18 U.S.C. § 1349, Conspiracy to Commit Wire Fraud | 9/1/2020 | 1 |
| 18 U.S.C. § 1343, Wire Fraud, Aiding and Abetting | 9/1/2020 | 5 |
| 18 U.S.C. § 1029(a)(3), Possession of 15 or More Unauthorized Access Devices | 9/9/2020 | 12 |

The defendant is sentenced as provided in pages 2 through 8 of this judgment. The sentence is imposed pursuant to the Sentencing Reform Act of 1984.

☐ The defendant has been found not guilty on count(s)

☒ Count(s) 6, 7, 13, 14 and 15 of the Indictment are dismissed on the motion of the United States

    It is ordered that the defendant must notify the United States attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs, and special assessments imposed by this judgment are fully paid. If ordered to pay restitution, the defendant must notify the court and United States attorney of material changes in economic circumstances.

11/12/2024
Date of Imposition of Judgment

s/Judith E. Levy
Signature of Judge

**The Honorable Judith E. Levy**
**United States District Judge**
Name and Title of Judge

11/13/2024
Date

DEFENDANT: Jermaine Arnett
CASE NUMBER: 0645 5:23CR20659 (2)

# IMPRISONMENT

The defendant is hereby committed to the custody of the United States Bureau of Prisons to be imprisoned for a total term of 48 months custody, per Count, to run concurrently.

The Court waives the imposition of the costs of incarceration due to the defendant's lack of financial resources and restitution obligation.

☒ The court makes the following recommendations to the Bureau of Prisons:
1. Placement in a comprehensive substance abuse treatment program.

☐ The defendant is remanded to the custody of the United States Marshal.

☐ The defendant shall surrender to the United States Marshal for this district:

☐ at ☐ a.m. ☐ p.m. on

☐ as notified by the United States Marshal.

☒ The defendant shall surrender for service of sentence at the institution designated by the Bureau of Prisons:

☐ before 2 p.m. on
☒ as notified by the United States Marshal.
☐ as notified by the Probation or Pretrial Services Office.

# RETURN

I have executed this judgment as follows:

Defendant delivered on to

at, with a certified copy of this judgment.

UNITED STATES MARSHAL

By
DEPUTY UNITED STATES MARSHAL

DEFENDANT:          Jermaine  Arnett
CASE NUMBER:        0645 5:23CR20659 (2)

## SUPERVISED RELEASE

Upon release from imprisonment, the defendant shall be on supervised release for a term of three years, per Count, to run concurrently.

The Court waives the imposition of the costs of supervision, due to the defendant's lack of financial resources and restitution obligation.

## MANDATORY CONDITIONS

1. You must not commit another federal, state or local crime.
2. You must not unlawfully possess a controlled substance.
3. You must refrain from any unlawful use of a controlled substance. You must submit to one drug test within 15 days of release from imprisonment and at least two periodic drug tests thereafter, as determined by the court.
   - ☐ The above drug testing condition is suspended, based on the court's determination that you pose a low risk of future substance abuse. (*check if applicable*)
4. ☒ You must make restitution in accordance with 18 U.S.C. §§ 3663 and 3663A or any other statute authorizing a sentence of restitution. (*check if applicable*)
5. ☒ You must cooperate in the collection of DNA as directed by the probation officer. (*check if applicable*)
6. ☐ You must comply with the requirements of the Sex Offender Registration and Notification Act (34 U.S.C. § 20901, et seq.) as directed by the probation officer, the Bureau of Prisons, or any state sex offender registration agency in which you reside, work, are a student, or were convicted of a qualifying offense. (*check if applicable*)
7. ☐ You must participate in an approved program for domestic violence. (*check if applicable*)

    The defendant must comply with the standard conditions that have been adopted by this court as well as with any additional conditions on the attached page.

DEFENDANT: Jermaine Arnett
CASE NUMBER: 0645 5:23CR20659 (2)

# STANDARD CONDITIONS OF SUPERVISION

As part of your supervised release, you must comply with the following standard conditions of supervision. These conditions are imposed because they establish the basic expectations for your behavior while on supervision and identify the minimum tools needed by probation officers to keep informed, report to the court about, and bring about improvements in your conduct and condition.

1. You must report to the probation office in the federal judicial district where you are authorized to reside within 72 hours of your release from imprisonment, unless the probation officer instructs you to report to a different probation office or within a different time frame.
2. After initially reporting to the probation office, you will receive instructions from the court or the probation officer about how and when you must report to the probation officer, and you must report to the probation officer as instructed.
3. You must not knowingly leave the federal judicial district where you are authorized to reside without first getting permission from the court or the probation officer.
4. You must answer truthfully the questions asked by your probation officer.
5. You must live at a place approved by the probation officer. If you plan to change where you live or anything about your living arrangements (such as the people you live with), you must notify the probation officer at least 10 days before the change. If notifying the probation officer in advance is not possible due to unanticipated circumstances, you must notify the probation officer within 72 hours of becoming aware of a change or expected change.
6. You must allow the probation officer to visit you at any time at your home or elsewhere, and you must permit the probation officer to take any items prohibited by the conditions of your supervision that he or she observes in plain view.
7. You must work full time (at least 30 hours per week) at a lawful type of employment, unless the probation officer excuses you from doing so. If you do not have full-time employment you must try to find full-time employment, unless the probation officer excuses you from doing so. If you plan to change where you work or anything about your work (such as your position or your job responsibilities), you must notify the probation officer at least 10 days before the change. If notifying the probation officer at least 10 days in advance is not possible due to unanticipated circumstances, you must notify the probation officer within 72 hours of becoming aware of a change or expected change.
8. You must not communicate or interact with someone you know is engaged in criminal activity. If you know someone has been convicted of a felony, you must not knowingly communicate or interact with that person without first getting the permission of the probation officer.
9. If you are arrested or questioned by a law enforcement officer, you must notify the probation officer within 72 hours.
10. You must not own, possess, or have access to a firearm, ammunition, destructive device, or dangerous weapon (i.e., anything that was designed, or was modified for, the specific purpose of causing bodily injury or death to another person such as nunchakus or tasers).
11. You must not act or make any agreement with a law enforcement agency to act as a confidential human source or informant without first getting the permission of the court.
12. If the probation officer determines that you pose a risk to another person (including an organization), the probation officer may require you to notify the person about the risk and you must comply with that instruction. The probation officer may contact the person and confirm that you have notified the person about the risk.
13. You must follow the instructions of the probation officer related to the conditions of supervision.

## U.S. Probation Office Use Only

A U.S. probation officer has instructed me on the conditions specified by the court and has provided me with a written copy of this judgment containing these conditions. I understand additional information regarding these conditions is available at the www.uscourts.gov.

Defendant's Signature _____ Date _____

DEFENDANT: Jermaine Arnett
CASE NUMBER: 0645 5:23CR20659 (2)

## SPECIAL CONDITIONS OF SUPERVISION

You must submit to substance abuse testing to determine if you have used a prohibited substance.

You must participate in a substance abuse treatment program and follow the rules and regulations of that program. The probation officer in consultation with the treatment provider, will supervise your participation in the program (provider, location, modality, duration, intensity, etc.).

You must submit your person, residence, office, vehicle(s), papers, business or place of employment, and any property under your control to a search.  Such a search shall be conducted by a United States Probation Officer at a reasonable time and in a reasonable manner based upon a reasonable suspicion of contraband or evidence of a violation of a condition of release.  Failure to submit to such a search may be grounds for revocation; you must warn any residents that the premises may be subject to searches.

You must provide the probation officer with access to any requested financial information and authorize the release of any financial information. The probation office may share financial information with the U.S. Attorney's Office.

You must not incur new credit charges or open additional lines of credit without the approval of the probation officer.

You must make monthly installment payments on any remaining balance of the special assessment or restitution at a rate and schedule recommended by the probation department and approved by the Court. You must also notify the court of any changes in economic circumstances that might affect the ability to pay this financial penalty.

DEFENDANT: Jermaine Arnett
CASE NUMBER: 0645 5:23CR20659 (2)

# CRIMINAL MONETARY PENALTIES

The defendant must pay the total criminal monetary penalties under the schedule of payments on Sheet 6.

|  | Assessment | JVTA Assessment* | Fine | Restitution |
|---|---|---|---|---|
| **TOTALS** | $300.00 | N/A | Waived | $1,636,545.19 |

☐ The determination of restitution is deferred until An *Amended Judgment in a Criminal Case (AO245C)* will be entered after such determination.

☒ The defendant must make restitution (including community restitution) to the following payees in the amount listed below. **Furthermore, restitution payments must start upon his release from custody.**

If the defendant makes a partial payment, each payee shall receive an approximately proportioned payment. However, pursuant to 18 U.S.C. § 3664(i), all nonfederal victims must be paid before the United States is paid.

| Victim Name | Amount of Loss |
|---|---|
| Arizona Department of Economic Security Office of Inspector General/Attention D. Hawkins 2200 N. Central Ave, Ste 301 Mail Drop 1747 Phoenix, AZ 85004 | $9,357.47 |
| Maryland Department of Labor P.O. Box 1931 Baltimore, MD 21203 | $1,315,744.02 |
| State of Michigan Unemployment Insurance Agency Restitution Dept #771760 PO Box 77000 Detroit, MI 48277-1760 | $311,443.70 |

☐ Restitution amount ordered pursuant to plea agreement $

☐ The defendant must pay interest on restitution and a fine of more than $2,500, unless the restitution or fine is paid in full before the fifteenth day after the date of the judgment, pursuant to 18 U.S.C. § 3612(f). All of the payment options on Sheet 6 may be subject to penalties for delinquency and default, pursuant to 18 U.S.C. § 3612(g).

☒ The court determined that the defendant does not have the ability to pay interest and it is ordered that:
  ☒ the interest requirement is waived for the  ☐ fine  ☒ restitution
  ☐ the interest requirement for the  ☐ fine  ☐ restitution is modified as follows:

* Justice for Victims of Trafficking Act of 2015, Pub. L. No. 114-22
** Findings for the total amount of losses are required under Chapters 109A, 110, 110A, and 113A of Title 18 for offenses committed on or after September 13, 1994, but before April 23, 1996.

DEFENDANT: Jermaine Arnett
CASE NUMBER: 0645 5:23CR20659 (2)

# SCHEDULE OF PAYMENTS

Having assessed the defendant's ability to pay, payment of the total criminal monetary penalties is due as follows:

A   ☒ Lump sum payments of $300.00 due immediately, balance due

    ☐ not later than _____, or

    ☐ in accordance   ☐ C,   ☐ D,   ☐ E, or   ☐ F below; or

B   ☐ Payment to begin immediately (may be combined with   ☐ C,   ☐ D, or   ☐ F below); or

C   ☐ Payment in equal *(e.g., weekly, monthly, quarterly)* installments of $ over a period of *(e.g., months or years)*, to commence *(e.g., 30 or 60 days)* after the date of this judgment; or

D   ☐ Payment in equal *(e.g., weekly, monthly, quarterly)* installments of $ over a period of *(e.g., months or years)*, to commence *(e.g., 30 or 60 days)* after release from imprisonment to a term of supervision; or

E   ☒ Payment during the term of supervised release will commence after release from imprisonment. The court will set the payment plan based on an assessment of the defendant's ability to pay at that time.

F   ☒ Special instructions regarding the payment of criminal monetary penalties:
While in custody, the defendant shall not participate in the Inmate Financial Responsibility Program (IFRP).

While on supervised release the defendant shall make monthly payments toward restitution in an amount set by the probation department and approved by the Court.

Unless the court has expressly ordered otherwise, if this judgment imposes imprisonment, payment of criminal monetary penalties is due during imprisonment. All criminal monetary penalties, except those payments made through the Federal Bureau of Prisons' Inmate Financial Responsibility Program, are made to the clerk of the court.

The defendant shall receive credit for all payments previously made toward any criminal monetary penalties imposed.

☒ Joint and Several

Restitution is joint and several with the following co-defendants and/or related cases, in the amount specified below:

Defendant and Co-Defendant Names and Case Numbers *(including defendant number)*, Total Amount, Joint and Several Amount, and corresponding payee, if appropriate.

Terrance Calhoun Jr. Docket No. 23cr20659-01

☐ Defendant shall receive credit on «dft_his_her» restitution obligation for recovery from other defendants who contributed to the same loss that gave rise to defendant's restitution obligation.

☐ The defendant shall pay the cost of prosecution.

☐ The defendant shall pay the following court cost(s):

☒ The defendant shall forfeit the defendant's interest in the following property to the United States: See the next page for a list of items

Payments shall be applied in the following order: (1) assessment, (2) restitution principal, (3) restitution interest, (4) fine principal, (5) fine interest, (6) community restitution, (7) JVTA Assessment, (8) penalties, and (9) costs, including cost of prosecution and court costs.

DEFENDANT:        Jermaine Arnett
CASE NUMBER:      0645 5:23CR20659 (2)

# ADDITIONAL FORFEITED PROPERTY

*Pursuant to 18 U.S.C. § 981(a)(1)(C) together with 28 U.S.C. § 2461(c), the Court orders the Defendant's interest in the following property is hereby forfeited to the United States:*
- *Cartier sunglasses*
- *Miscellaneous lot of 7 cell phones (Control #8, Locator Code B)*
- *Miscellaneous lot of 13 cell phones (Control #9, Locator Code B)*
- *Apple MacBook Pro, Serial #C02D11U7MD6N (Control #11, Locator Code C)*
- *Samsung laptop, Serial #JA3691HD502293B (Control #12, Locator Code C)*
- *Miscellaneous lot of 8 cell phones (Control #13, Locator Code D)*
- *Acer laptop, Model A01-431-C8G8 (Control #14, Locator Code D)*
- *Micro SD Card (Control #15, Locator Code D)*
- *Smartwatch (Control #21, Locator Code B)*
- *$10,000 Bill Wrappers (Control #22, Locator Code D)*
- *Scandisk Memory Card (Control #23, Locator Code D)*
- *Cash Counting Machine (Control #24, Locator Code D)*
- *Miscellaneous Cell Phone - iPhone - Rose Gold (Control #1, EB: 1, Locator Code B)*
- *Miscellaneous lot of 2 iPhones - 1 Red iPhone, 1 Black iPhone (Control #4, EB: 2, Locator Code E)*
- *Miscellaneous lot of 3 Items - 1 Purple OtterBox & cell phone, 1 Pink iPhone S, 1 Apple iPad (Control #5, EB: 2, Locator Code K)*
- *$1,401.00 U.S. Currency*
- *Samsung Phone serial # 358688104383286*
- *iPhone with black case serial # BCG-E3085A*
- *iPhone with gold case serial # BCGE3085A*
- *iPhone with no case serial # BCGE3085A*
- *iPhone pink damaged serial # BCGE3085A*
- *Miscellaneous iPhone gold*
- *Grey cool pad serial # 331XF191F0005437*
- *Black Wiko serial # 352798100391989*
- *Gucci Headband*
- *Miscellaneous lot of 2 iPhones – model A1687*
- *Any and all debit and credit cards seized on September 9, 2020, from 21 Charles Ln., Pontiac, MI 48341; 148 Charles Ln., Pontiac, MI 48341; 438 Kenilworth Ave., Pontiac, MI 48342*
- *Lorcin pistol model L380 serial # 158660 with magazine, box of 20 bullets and 7 loose bullets*
- *Bersa/AEI Thunder 380 serial # D62777 w/ pink Crimson Trace laser grips and 1 magazine loaded with 7 rounds of 380 caliber bullets*
- *Smith and Wesson .45 Shield Handgun Serial # HXL0585*

*The Court further enters a personal forfeiture money judgment in the amount of $545,515.00 against the defendant in favor of the United States which is equal to the value of property subject to forfeiture for defendant's violation of 18 U.S.C. § 1343 and 1349. The Preliminary Order of Forfeiture (ECF No. 36) is incorporated in the judgment by this reference.*